UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DONALD OWENS,

    Plaintiff,

v.

ROMEO ARANAS, et al.,

    Defendants.

Case No.: 3:17-cv-00169-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The court recommends dismissal of this action due to Plaintiff's failure to keep the court apprised of his current address and his failure to prosecute this action.

## I. BACKGROUND

Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC) when he filed this action pursuant to 42 U.S.C. § 1983, proceeding pro se. (Compl., ECF No. 4.) The events giving rise to this lawsuit took place when Plaintiff was housed at Northern Nevada Correctional Center (NNCC).

The court screened his complaint and determined that Plaintiff could proceed with his Eighth Amendment deliberate indifference to serious medical needs claim against defendants Randolph, Brockway, and Aranas based on allegations that he has glaucoma and further lost vision due to the denial of medical appointments and eye drops. (ECF No. 3.)

The parties participated in an early mediation conference on July 17, 2018, but did not reach a settlement. (ECF No. 9.) A scheduling order was entered on September 28, 2018. (ECF No. 18.) Plaintiff filed a motion to extend time to serve some defendants on October 19, 2018, which was denied as moot as the defendants had already answered the complaint. (ECF Nos. 20, 21.) He then filed several motions requesting to extend the scheduling order deadlines, which the court granted. (ECF Nos. 22-25.)

On January 31, 2019, Plaintiff filed a notice of change of address, indicating he was scheduled for release on February 1, 2019. (ECF No. 26.)

On May 29, 2019, Defendants filed a motion to extend the deadline to serve dispositive motions, which was served on Plaintiff at the address noted in ECF No. 26. (ECF No. 27.) The court granted the motion, and extended the dispositive motions deadline to August 2, 2019. (ECF No. 29.) That notice of order came back undeliverable, and the court issued an order to Plaintiff's address of record directing Plaintiff to file a notice of change of address in accordance with Local Rule IA 3-1. (ECF No. 31.) That order was also returned as undeliverable. (ECF No. 33.)

On July 30, 2019, Defendants filed a motion requesting another extension of the dispositive motions deadline. (ECF No. 35.) The court issued an order vacating the dispositive motions deadline, noting that the court would enter a report and recommendation for dismissal of the action. (ECF No. 36). The court now recommends dismissal of this action due to Plaintiff's failure to keep the court apprised of his current address and failure to prosecute this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, LSR 2-2 provides that a plaintiff must immediately file written notification of any change of address, and the failure to do so may result in dismissal of the action with prejudice.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to participate in his lawsuit or apprise the court of his current address impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). In addition, a rebuttable presumption of prejudice of defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citation omitted) ("The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant."). The

presumption is warranted here given that Plaintiff has not had any contact with the court since January 31, 2019. Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff; however, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff or any notification of his current address. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b). Dismissal is also appropriate under LSR 2-2. LSR 2-2 advises a litigant that a failure to keep the court apprised of his current address may result in dismissal of the action *with prejudice*.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** this action with prejudice.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

///

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 1, 2019.

_____
William G. Cobb
United States Magistrate Judge

5